

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Fred Norris
County Auditor, Polk County,
Livingston, Texas

Dear Sir:

                    Opinion No. O-1124
                    Re: Compensation of grand jury
                        bailiffs.

        Your request for an opinion on the questions as
are herein stated has been received by this office.

        We re-state your questions as follows:

        "1. What is the compensation of the door
    bailiff in small counties like Polk County?

        "2. What is the compensation of riding
    bailiffs in small counties like Polk County?

        "3. What should riding bailiffs be allow-
    ed for their automobile, or travel expenses?

        "4. Would I as County Auditor be within
    my authority to allow riding bailiffs 5¢ per
    mile for their travel when such bailiffs fur-
    nish all gas, oil, etc., when such account is
    approved by the foreman of the grand jury?"

        Article 1058, Code of Criminal Procedure, reads as
follows:

        "Each walking grand jury bailiff appointed
    as such bailiff shall receive as compensation
    for his services the sum of Four Dollars ($4.00)
    for each day he may serve, and each riding grand
    jury bailiff appointed in counties of a popula-
    tion of one hundred and fifty thousand (150,000)

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

or more, according to the last Federal Census, shall receive as compensation for his services the sum of Six Dollars ($6.00) for each day he may serve, and shall furt er receive One Dollar ($1.00) per day for automobile expense and up-keep; provided, however, that not more than ten (10) such bailiffs shall be employed at any one time, and providing further that the Sheriff or Deputy Sheriff attending any county or District Court in counties of over three hundred and fifty thousand (350,000) according to the last preceding Federal Census shall be paid the sum of Six Dollars ($6.00) for each day the Sheriff or Deputy Sheriff shall serve in any of such said courts as bailiffs, and One Dollar ($1.00) per day as automobile expense and upkeep for each day he may use said automobile.

"The compensation herein provided for shall be paid from the General or Jury Fund of the county affected, as may be determined by the Commissioners Court thereof, upon sworn accounts showing the court in which or the Grand Jury for which, said Bailiff, Sheriff, or Deputy Sheriff serves, with a statement showing the dates on which the service was performed and the amounts due. No such claim shall be paid until approved by the foreman of the Grand Jury or the Judge of the Court for which the service was performed, and said claim shall be presented to the Commiss-ioners Court or to the County Auditor in counties having a county auditor, and shall be allowed in the manner provided by law for so much thereof as may be found due, and no warrant in payment of the amount due shall be paid unless countersigned by the County Auditor, if any."

We are unable to find any statute providing for a door bailiff for the grand jury in any county; neither do we find any statute providing for a riding bailiff of the grand jury and fixing their compensation, except in counties having a population of one hundred and fifty thousand (150,000) or more inhabitants, according to the last Federal census. In counties containing 150,000, or more inhabitants, according to the last Federal census, the statute fixes the compensation for such riding bailiff at the sum of $6.00 for each day that the bailiff may serve, and further provides for

$1.00 per day for automobile expenses and upkeep; however, the statutes making no such provision for a riding bailiff and his compensation and traveling expense, or rather for automobile expense and upkeep in counties with a population of less than 150,000 inhabitants.

Article 367 of the Code of Criminal Procedure provides that the court may appoint one or more bailiffs to attend upon the grand jury; and Article 367b of the Code of Criminal Procedure provides that the District Attorney may appoint one or more bailiffs to attend upon the grand jury.

This department held on Janurery 7, 1935, that Article 367b did not repeal Article 367, but that Article 367b applied to counties having a population of more than 150,000 inhabitants, and that Article 367 applied to counties having a population of less than 150,000 inhabitants.

In view of the foregoing statutes, you are respectfully advised that it is the opinion of this department that in counties having a population of less than 150,000 inhabitants, according to the last Federal census, the court may appoint one or more bailiffs to attend upon the grand jury, and that the compensation of each bailiff appointed shall be $4.00 per day for each day and that such bailiff may serve, regardless of whether such bailiff is known as a riding bailiff, door bailiff or walking bailiff, and such bailiff may exercise his own discretion as to whether or not he will ride or walk while attending to the duties imposed upon him by the grand jury.

You are further advised that such bailiffs are not entitled to any compensation for automobile expense and upkeep, and that the County Auditor would not be entitled to allow such bailiff 5¢ per mile, or any other compensation in addition to the $4.00 per day allowed such bailiff by statutes.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed)
    Ardell Williams
      Assistant

AW*MR
APPROVED JUL 29, 1939
W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

Approved
Opinion Committee
By R. W. F.
Chairman